IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>RAY L. LINEWEBER,<br><br>      Defendant. | 4:13-CR-3135<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report and addendum in this case. The defendant has filed an objection to the presentence report, motion for downward departure, and motion for variance (filing 70).

  IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the presentence report's application of a two-level increase in the offense level, pursuant to U.S.S.G. § 3B1.3, for abuse of a position of trust. Filing 70. The defendant suggests that this case is "atypical" and "an upward adjustment of two levels is unwarranted." Filing 71 at 3. The Court will resolve this objection on the evidence presented at sentencing. In doing so, the Court will be mindful of the fact that the enhancement applies to a position that is characterized by professional discretion, where an individual makes himself particularly vulnerable by entrusting another with substantial authority and discretion to act on his behalf. *See, United States v. Miell*, 661 F.3d 995, 998 (8th Cir. 2011); *United States v. Hayes*, 574 F.3d 460, 479 (8th Cir. 2009). It will be the government's burden to prove at sentencing, by a preponderance of the evidence, that the abuse-of-trust enhancement applies.[1] *See Miell*, 661 F.3d at 998.

3. The defendant moves for downward departure based on several Guidelines provisions: U.S.S.G. §§ 5H1.1 (age), 5H1.4 (physical condition), and 5H1.11 (military service). Filing 70 at 2-3. The Court will resolve this motion at sentencing, based on the evidence provided by the defendant and any further evidence adduced at sentencing, determining whether the factors identified by the defendant, "individually or in combination with other offender characteristics," are "present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." *See*, §§ 5H1.1, 5H1.4 and 5H1.11.

---

[1] The Court notes the defendant's statement that "as clearly indicated by the Plea Agreement, the Government stands silent on the issue of factoring Abuse of Position of Trust to increase the offense level[,]" and that "it appears as though the Government is not interested in pursuing or imposing an upward adjustment for Abuse of a Position of Trust and is not seeking to prove-up the two elements necessary for a two level increase in the offense level to apply in this case." Filing 71 at 3-4. The government, however, has clearly advocated for the two-level enhancement in its own sentencing statement (filing 67) and in a supplemental sentencing statement (filing 77) has now indicated its intent to adduce evidence to support it. It is not clear, from the plea agreement, what support it provides for the defendant's implication that the government is required to stand silent. Compare filing 71 at 3 with filing 57 at 3-4.

4.  The defendant moves for a variance based on the § 3553(a) factors and his personal circumstances. Filing 70 at 3. The Court will resolve that motion at sentencing.

5.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

6.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 1st day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge